**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHARLES SANDFORD,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-165-JSS-DCI**

**LATASHA JONES, E. FAHEY JAMES LUBRICH, SARAH M. ADELMAN, FELISHA HOPSON, BURLINGTON COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, and GEORGIA CHILD SUPPORT ENFORCEMENT AGENCY,**

**Defendants.**
_____________________________________/

**REPORT AND RECOMMENDATION**

Plaintiff, identified as "Benyamin Ben YHVH Trust Agent for CHARLES SANFORD Fiduciary for Ademhaufshe Bey," initiated this case against Defendants pursuant to 42 U.S.C. § 1983. Doc. 1. "Charles Sandford Trustee Without Prejudice" also filed an application to proceed in district court without Prepaying Fees or Costs. Doc. 3. Separately, Charles Sandford as a "living man and Beneficiary," filed an "Affidavit of Truth of Beneficiary." Doc. 2. The signature line of the "Affidavit of Truth of Beneficiary" reflected that it was "By: Ademhaufshe Bye (Charles Sandford) Equitable Subrogee, Without Recourse." Id. at 3.

By order dated February 2, 2026, the undersigned denied the application to proceed as a pauper and directed Plaintiff to sign any pleading, written motion, and other paper in accordance with Rule 11 and to not include disclaimers. Doc. 6 at 3. The undersigned reminded Plaintiff that he could file an amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). *Id*. at 4.

Plaintiff, now identified as Charles Sanford, "a natural person," has filed an Amended Civil Rights Complaint against Latasha Jones, E. Fahey, James Lubrich, Sarah M. Adelman, Felisha Hopson, Burlington County Child Support Enforcement Agency,[1] and Georgia Child Support Enforcement Agency (collectively Defendants). Doc. 7 (the Amended Complaint). Plaintiff has also filed a separate "Law Memorandum" (Doc. 8) and an Affidavit of Poverty in Support of Amended Complaint, which the undersigned construes as a Second Motion for Leave to Proceed as a Pauper. Doc. 9 (the Motion).

Upon due consideration, the undersigned recommends that the Court deny the Motion and dismiss the case without leave to amend.

## I. Standard of Review

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. at §1915(e)(2)(B) (i-iii).[2]

---

[1] It appears that Plaintiff's claim against Burlington County Child Support Enforcement Agency refers to Burlington County, New Jersey as Plaintiff asserts in the "Law Memorandum" that "[s]tate actors applied conclusive presumptions to classify Plaintiff as an obligor/employee, garnishing wages and property in New Jersey and Georgia." Doc. 8 at 2.

[2] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 555). Also, dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). In particular, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Id* (quoting *Iqbal*, 556 U.S. at 678).

Moreover, federal courts are courts of limited jurisdiction and, thus, have an obligation to *sua sponte* inquire into their subject matter jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") (citations omitted).

## II. Discussion

With respect to the Plaintiff's request to proceed as a pauper, the undersigned finds that Plaintiff's filing is inadequate. Plaintiff's request is on a typed "affidavit" and not submitted on the Court's form application, and some information regarding income, assets, and expenses is missing. Accordingly, the undersigned cannot make a finding on the request at this juncture.

Assuming *arguendo* that Plaintiff can establish pauper status, the undersigned still recommends that the Court dismiss the Amended Complaint. Plaintiff brings this action pursuant to § 1983 and asserts that Defendants violated his rights under the Fourth, Fifth, Thirteenth, and

Fourteenth Amendments to the United States Constitution. Doc. 7. Specifically, Plaintiff contends that Defendant Jones, a private citizen, initiated child support proceedings against him and Defendant Jones acted jointly with state officials "causing the State to seize Plaintiff's wages and property." *Id*. at 2. Plaintiff claims that "[t]he State Defendants applied conclusive presumptions and administrative shortcuts with **reckless disregard** for Plaintiff's due process rights, resulting in automatic enforcement actions including garnishment, income seizure, and threats of incarceration." *Id*. at 3 (emphasis in original). Plaintiff further alleges that "the institutional Defendants maintained a custom, practice, or policy of initiating and enforcing child-support actions based on private allegations without independent judicial adjudication, relying instead on administrative presumptions that automatically triggered coercive enforcement measures." *Id*. at 4. In total, Plaintiff brings six counts for relief under § 1983 and seeks damages, a declaration that Defendants' actions were unconstitutional, and for the Court to "[e]njoin further enforcement of the alleged child-support obligations." *Id*. at 6.

First, the Court lacks jurisdiction pursuant to the Eleventh Amendment. *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) ("[F]ederal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment."). "Eleventh Amendment immunity bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated the states' immunity." *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016) (citing *Bd. Trs. v. Garrett*, 531 U.S. 356, 363-64 (2001); *Cross v. Ala. Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995)). "The Eleventh Amendment applies when 'the State or one of its agencies or departments is named as the defendant[.]'" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "Congress has not abrogated Eleventh Amendment immunity in § 1983 cases."

*Id.* (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)). Also, the Eleventh Amendment serves as an absolute bar to a § 1983 suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 92 (1989); *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.") (citation omitted).

Plaintiff seeks monetary relief under § 1983 against Georgia's Child Support Enforcement Agency and the individual Defendants named as state officers, agents, and employees. Absent waiver or express congressional abrogation, not present here, the Eleventh Amendment prohibits Plaintiff's claims. *See Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) ("[T]he Eleventh Amendment extends to state agencies and other arms of the state.") (citations omitted); *Davis v. King*, 2023 WL 11998816, at *3 (M.D. Ga. July 18, 2023), *report and recommendation adopted by*, 2023 WL 11997053 (M.D. Ga. Sept. 6, 2023) ("Georgia has not waived sovereign immunity, and Section 1983 was not meant to abrogate a state's Eleventh Amendment sovereign immunity, therefore [the plaintiff] is barred from suing [the defendant] in his official capacity for damages."); *Desty v. Ga. Dep't of Hum. Servs./Child Support Servs.*, 2026 WL 1003935, at *5 (11th Cir. Apr. 14, 2026) ("[Georgia's Department of Human Services] enjoys sovereign immunity pursuant to the Eleventh Amendment.");[3] *Frost v. Ga. Dep't of Hum. Servs.*, 2023 WL 12239419,

---

[3] Georgia law "assigns the Department of Human Services the responsibility for tracking whether those who are required to pay child support are complying with their obligations." *Desty*, 2026 WL 1003935, at *1 (citing O.C.G.A. § 19-11-9.3(a)(1), (b)); *see also* O.C.G.A. 19-11-9.3(a)(1) ("'Agency' means the entity within the Department of Human Services which is responsible for enforcing orders for child support pursuant to this article."). Plaintiff also alleges Defendants Fahey, Lubrich, Adelman, and Hopson are state officers, agents, or employees of the child support enforcement agencies acting under color of state law. Doc. 7 at 2.

at *2 (M.D. Ga. Nov. 17, 2023) ("[S]tate agencies, including the Georgia Department of Human Services, are not subject to suit under § 1983) (citation omitted).

Second, Plaintiff's claims and request for injunctive relief are clearly intertwined with the child support obligation and, therefore, there is a jurisdictional bar. "Federal district courts lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings." *Royster v. Fla. Dep't of Revenue*, 2023 WL 6882344, at *3 (M.D. Fla. Sept. 13, 2023) (citing *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). "The [*Rooker-Feldman*] doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (citation omitted). It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (citation omitted). The doctrine "operates as a bar to federal court jurisdiction where the issue before the federal court was 'inextricably intertwined' with the state court judgment so that (1) the success of the federal claim would 'effectively nullify' the state court judgment, or that (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'" *Id.* at 1262 to 1263 (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

Through § 1983, Plaintiff challenges the administrative proceedings which allegedly resulted in the enforcement of child support obligations. Doc. 7 at 3 to 4. As relief, Plaintiff seeks to enjoin the enforcement of that obligation. The undersigned recommends that this type of claim is not permitted pursuant to the *Rooker-Feldman* doctrine. *See Gomez v. Sudeep Kaur*, 2024 WL 5671943, at *3 (M.D. Fla. June 7, 2024), *report and recommendation adopted by*, 2024 WL

5671944 (M.D. Fla. Sept. 3, 2024) (finding that a plaintiff's claims based on child support enforcement proceedings in state court were barred pursuant to *Rooker-Feldman*) (citing *Jackson v. Child Support*, 2018 WL 8754206, at *2 (M.D. Fla. Dec. 5, 2018), *report and recommendation adopted by*, 2019 WL 2052324 (M.D. Fla. May 9, 2019); *Mosely v. Bowie County Texas*, 275 F. App'x 327, 328-29 (5th Cir. 2008) (plaintiff's federal claim challenging "the state court judgment ordering the payment of child support [is] barred under the *'Rooker—Feldman'* doctrine" because it "invit[es] district court review and rejection" of the state child support judgment); *Mannix v. Machnik*, 244 F. App'x 37, 38 (7th Cir. 2007) ("To the extent that [plaintiff] wants an injunction that will alter the state court's allocation of custody and the level of child-support payments her ex-husband must provide, the *'Rooker—Feldman'* doctrine is a jurisdictional bar.")); *see also Royster*, 2023 WL 6882344, at *3 (finding that a plaintiff's claims based on the child support enforcement proceedings in state court must be dismissed for lack of jurisdiction under the doctrine); *Raheem v. Dep't of Revenue CSE*, 2019 WL 13546156, at *7 (M.D. Fla. Aug. 16, 2019), *report and recommendation adopted by*, 2019 WL 13546157 (M.D. Fla. Sept. 26, 2019) (finding that to the extent the child support proceedings ended before the plaintiff filed the original complaint and the plaintiff asks the court to review the final judgment, the court lacked jurisdiction pursuant to *Rooker-Feldman*).[4]

[4] Plaintiff's child support enforcement proceeding appears to have ended. Plaintiff alleges that the obligation is being enforced and makes no mention of an appeal. But even if Plaintiff's enforcement proceeding was still ongoing, the claims is subject to dismissal. In fact, the Supreme Court held this month in an unpublished decision that "[t]he *Rooker-Feldman* doctrine bars federal district court jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and seeking district court review and rejection of those judgments, regardless of whether the state-court judgment remains subject to further review in state appellate proceedings." *T.M. Univ. of Md. Med. Sys. Corp.*, No. 25-197, 2026 U.S. LEXIS 2557, at *2 to 3 (U.S. June 18, 2026). The Supreme Court stated that "[f]ederalism principles are thus best served by continuing to apply *Rooker-Feldman* to federal cases in which plaintiffs seek review of state-court judgments,

Even if the Court had jurisdiction over Plaintiff's claims, he still fails to state a claim for relief. With respect to Plaintiff's § 1983 claim against Burlington County Child Support Enforcement Agency, "[w]hile 'municipalities and other local governmental bodies are 'persons' within the meaning of § 1983' *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997), § 1983 does not authorize vicarious liability against a municipality or local government body, *Smothers v. Childers*, 159 F.4th 922, 930 (11th Cir. 2025)." *Wright v. 15th Dist. Palm Beach Cnty. State Att'y's Off.*, 2026 WL 893331, at *4 (11th Cir. Apr. 1, 2026). "Instead, to hold a local government liable under § 1983, a plaintiff must establish that his rights were violated pursuant to a 'custom' or 'policy' of the local government." *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Here, Plaintiff asserts that Defendants "maintained a custom, practice, or policy," which deprived him of his Constitutional rights. Doc. 7 at. Plaintiff alleges that Defendants enforced a

---

regardless of whether those judgments are final trial-court judgments or those of a State's highest court." *Id.* at *23. Also, under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, district courts should "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Insurance Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997) (explaining that *Younger* absention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings). "It is well-settled that matters involving domestic relations and child support implicate state interests." *Dicks-Lewis v. 5th Judicial Circuit Court in and for Marion County, Florida*, 2019 WL 5339789, at *2 (M.D. Fla. Oct. 4, 2019) (citing *Davis v. Self*, 547 Fed. App'x 927, 930 (11th Cir. 2013)). A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (citations omitted). Plaintiff does not appear to allege in the Amended Complaint that he was or is procedurally barred from raising his claims in state court. Accordingly, to the extent Plaintiff's claims can be construed to reflect that his enforcement proceeding has not concluded, it seems the *Younger* absention doctrine applies and Plaintiff's requests for injunctive and declaratory relief are subject to dismissal. *See Perales v. Mejia*, 2024 U.S. Dist. LEXIS 127648, at *8 (M.D. Fla. July 19, 2024) ("*Younger* requires this Court to dismiss claims for injunctive relief and 'stay claims for monetary relief that cannot be redressed in the state proceeding.'") (quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015)).

child support obligation based on Defendant Jones' "initiation" and without "independent judicial adjudication." Doc. 7 at 3 to 4. Plaintiff's conclusory statement regarding his personal experience without allegations related to a custom or practice does not state a claim for relief. *See Shaikh v. Ocean Cnty. Child. Enf't Agency*, 2024 WL 4626405, at *3 (D. N.J. Oct. 30, 2024) (finding a plaintiff failed to state a claim against the county child enforcement agency where the plaintiff's "allegations concern his own distinctive circumstances" as the plaintiff "allege[d] that [the defendants] illegally collected child support payments from *him* and that [the defendants] failed to respond to *his* letter seeking validation.") (emphasis in original); *see also Singleton v. City of Deltona*, 2025 WL 1183976, at *3 (M.D. Fla. Apr. 1, 2025), *report and recommendation adopted by*, 2025 WL 1181016 (M.D Fla. Apr. 23, 2025) (finding that a plaintiff did not state a *Monell* claim with conclusory allegations); *Franco v. Bartlett*, 2025 U.S. Dist. LEXIS 203349, at *3 (M.D. Fla. Oct. 15, 2025) (finding a plaintiff's *Monell* claim failed where the plaintiff did not allege an "official policy or custom beyond conclusory language in violation of Rule 8(a)").

Further, the undersigned recommends that Plaintiff's claims based on the Fourth and Thirteenth Amendments are subject to dismissal. Plaintiff contends that the child support enforcement resulted in the alleged improper seizure of his wages, his involuntary servitude, and the taking of his income. Doc. 7 at 5. As such, Plaintiff brings two counts for "involuntary servitude/coerced labor" and "unlawful seizure and taking of property." *Id*. at 4 to 5. Plaintiff claims that Defendants enforced or threatened enforcement compelling his labor or income under the threat of sanction. *Id*. at 4. With respect to the seizure, Plaintiff claims that Defendants interfered with "Trust-held chooses in action asserted herein by Plaintiff as trustee." *Id*.

The undersigned recommends, however, that these Constitutional claims are not viable. *See Gomez*, 2024 WL 5671943, at *5 ("Child support obligations or the enforcement of child

support obligations are not the type of subject matter the Fourth Amendment was designed to address because the enforcement of child support obligations does not constitute involuntary servitude or a taking of property without due process.") (citing *Brown v. Coffin*, 2019 WL 10945367 (S.D. Fla. Jan. 25, 2019), *report and recommendation adopted by*, 2019 WL 10945370 (S.D. Fla. Feb. 25, 2019) (finding a claim of a violation of Fourth Amendment rights without supporting facts or explanation is no legal basis for a plaintiff's claims and shows no connection between the child support obligation hearings and the alleged constitutional violation)); *see also Royster*, 2023 WL 6882344, at *5 ("Child support obligations or the enforcement of child support obligations is not the type of subject matter the Thirteenth Amendment was designed to address because [the defendants] do not employ the use of physical or legal coercion to force [the [plaintiff] into involuntary servitude.") (citing *Greenberg v. Zingale*, 138 F. App'x. 197, 200 (11th Cir. 2005) (finding that an order to pay alimony does not violate the Thirteenth Amendment because sanctions for the non-payment of alimony, such as being held in contempt of court, do not amount to involuntary servitude)). Therefore, the undersigned finds that these claims are subject to dismissal.

Also, the undersigned recommends that Plaintiff has not stated a § 1983 claim against Defendant Jones, a private individual. "Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Here, Plaintiff alleges that Defendant Jones initiated child support enforcement proceedings and her "conduct constituted a knowing abuse of state process, transforming private misconduct into state action and directly causing constitutional deprivations under color of law." Doc. 7 at 3. Plaintiff claims that Defendant Jones "acted jointly with state officials" and is, therefore, liable under § 1983. *Id.* at 4.

But Plaintiff's allegations are insufficient to state a claim for a Constitutional violation against Defendant Jones. *See Kirkland v. Mosaic Fertilizer, LLC*, 2015 WL 1942773, at *4 (M.D. Fla. Apr. 29, 2015) ("Merely conclusory allegations are insufficient to establish state action through joint action.") (citing *Harvey*, 949 F.2d at 1133); *Pepe v. Lajqi*, 2025 U.S. Dist. LEXIS 196981, at *14 (N.D. Fla. Aug. 1, 2025), *report and recommendation adopted by*, 2025 WL 3634352 (N.D. Fla. Dec. 15, 2025) (finding that a plaintiff could not proceed against private individuals under § 1983 and RICO based on "wholly vague and conclusory allegations"); *Nealy v. Lukemire*, 2024 U.S. Dist. LEXIS 227353, at *11 to 12 (M.D. Ga. Dec. 16, 2024) (finding that a plaintiff's conclusory allegation that an attorney "acted together" with another to have the plaintiff improperly sentenced did not "transform" the attorney into a state actor for purposes of § 1983) (citing *Harvey*, 949 F.2d at 1133).

Here, Plaintiff's allegation that Defendant Jones acted under color of state law and in "joint action" is conclusory in nature, and Plaintiff's separate "Law Memorandum" adds nothing more than a blanket assertion that a private actor who conspires can be held liable under § 1983. *See* Doc. 8 at 1, 3. The undersigned finds that Plaintiff's perfunctory statement that Defendant Jones violated his Constitutional rights as a private actor by "supplying information used by state actors" is not sufficient.

Based on the foregoing, the undersigned finds that the Amended Complaint is due to be dismissed. With respect to amendment, a court need not provide another opportunity where amendment would be futile. *Cornelius v. Bank of Am., N.A.*, 585 F. App'x 996, 1000 (11th Cir. 2014) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* The Court lacks jurisdiction over Plaintiff's claims, and the facts, as pleaded, fail to state a claim. The undersigned, therefore, recommends that leave to amend is not warranted.

Finally, since this is a report and recommendation, the undersigned mentions that the Amended Complaint does not reflect personal jurisdiction over any of the Defendants or that venue is proper. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citation omitted).[5]

Plaintiff requests relief based on child support enforcement proceedings that apparently took place in Georgia and New Jersey resulting in Plaintiff's support obligation. Plaintiff makes no allegation that provides a basis for the Court to apply Florida's long-arm statute or to allow the

[5] The determination of whether the exercise of personal jurisdiction over a nonresident defendant is appropriate involves a two-part analysis. *See Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (citing *Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, 919 (11th Cir. 1989)). First, the jurisdictional question under the state long-arm statute is considered. *Id.* Second, the next determination to be made is whether "sufficient 'minimum contacts' exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Court to determine if Defendants had minimum contacts with Florida. *See* Doc. 7. Plaintiff pleads no nexus to Florida at all.

With respect to venue, Plaintiff claims that "[v]enue is proper in this District because the acts and omissions complained of occurred here, and because the constitutional injuries were caused by Defendants acting under color of state law." *Id.* at 1. Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (emphasis added). Upon review of the Amended Complaint, Plaintiff makes no allegation regarding Defendants' residency and there is no allegation regarding personal jurisdiction over Defendants. While Plaintiff alleges in a conclusory fashion that the events occurred in this District, there are no facts to support this statement. Therefore, the undersigned questions whether venue is proper in this District.

But unlike subject matter jurisdiction, lack of personal jurisdiction and improper venue are waivable defenses. *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (1988) (citation omitted). The undersigned, therefore, highlights this issue in case the Court decides not to adopt the recommendation to dismiss the case.

Based on the foregoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. 9); and
2. **DISMISS** the Amended Complaint (Doc. 7) without leave to amend.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

RECOMMENDED in Orlando, Florida on June 22, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties